IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:08-CV-1687-M |
| RYAN M. REYNOLDS, DESMOND J. MILLIGAN, JASON W. BROLA, TIMOTHY T. PAGE, MARKET 99, LTD. f/k/a eCarfly, Inc., TRYST CAPITAL GROUP, L.L.C. GRIFFDOM ENTERPRISES, INC. TESTRE, L.P., and BELLATALIA, L.P., | § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM IN SUPPORT OF**
**UNOPPOSED APPLICATION FOR STAY OF PROCEEDINGS**

In its accompanying unopposed application, the United States of America, by and through the United States Attorney for the Northern District of Texas ("the United States"), seeks a stay of these proceedings until the completion of a parallel criminal investigation and anticipated prosecution ("the criminal matter"). In support of its application, the United States respectfully submits that a stay of these proceedings is an appropriate exercise of the Court's inherent authority to control the disposition of causes of action on its docket.

**Memorandum in Support of Unopposed Application for Stay of Proceedings - Page 1**

## **Background**

On September 24, 2008 the Securities and Exchange Commission ("SEC") filed this civil enforcement action. The complaint alleges violations of various provisions of the federal securities laws, including, as to some defendants, the anti-fraud provisions of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and the SEC's implementing rules, found at 17 C.F.R. § 240.10b-5. The SEC alleges that the defendants participated in a scheme to sell unregistered penny stock to the public, and that the scheme included fraudulent, false and misleading representations to the public about those securities.

In or about February 2009, the United States commenced a criminal investigation into the acts and transactions that are the subject of the complaint. The purpose of the investigation is to determine whether to institute criminal proceedings based on those acts and transactions.

On February 20, 2009, the parties to this civil action filed a Joint Report Regarding Proposed Scheduling Order, which stated that the parties would "exchange initial Fed. R. Civ. P. 26(a)(1) disclosures on or before March 10, 2009." (*See* Joint Report [doc. 28] at 7.) On or about March 4, 2009, counsel for certain defendants in this civil case inquired about the existence of a criminal investigation, and the United States informed counsel that such an investigation was indeed ongoing.

On or about March 10, 2009, Defendants Reynolds and Bellatalia filed an unopposed motion to amend the joint report, postponing Rule 26(a)(1) disclosures until March 24, 2009. (*See* Unop. Mot. to Amend [doc. 34] at 2.) On March 11, 2009, the

**Memorandum in Support of Unopposed Application for Stay of Proceedings - Page 2**

Court granted the motion via electronic order.

On or about March 24, 2009, Defendants Reynolds and Bellatalia filed a second unopposed motion to amend the joint report, this time postponing Rule 26(a)(1) disclosures until April 15, 2009.  (*See* Unop. Mot. to Amend [doc. 36] at 2.)  The March 24 motion correctly stated that the United States was preparing to seek a stay of this action.  On March 26, 2009, the Court granted the motion via electronic order.  The current deadline for exchanging Rule 26(a)(1) disclosures is April 15, 2009.

The United States believes that the witnesses and evidence relevant to the criminal matter are likely to be virtually the same as the witnesses and evidence that are relevant to this civil case.  Criminal violations of the securities laws typically involve many elements of proof that are also part of this civil action, including schemes and artifices, material misrepresentations and omissions, and use of the mails and interstate commerce.  Therefore the criminal matter will likely share with this civil action numerous legal issues, in addition to being based on the same general set of facts.

The length of time required to complete the criminal investigation is difficult to predict, as in most investigations of complex securities transactions.  The United States believes, however, that the criminal investigation is reasonably likely to be complete early in 2010.  The United States is actively working on the criminal investigation and attempting to complete it as expeditiously as possible.

## Argument

The Court has discretionary authority to stay this civil proceeding. A court's authority to grant a stay derives from the power of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (relying on *Landis* for authority to grant stay). Moreover, a court may stay civil proceedings "when the interests of justice seem[] to require such action." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375, (D.C. Cir. 1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1969)); *see also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Before granting a stay, a court must consider "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc.*, 300 F.2d at 268.

A stay under the present circumstances is consistent with the governing case law. The interests of justice generally weigh in favor of a stay of parallel civil proceedings that could impede a criminal investigation. *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied,* 449 U.S. 993 (1980); *United States v. One 1964 Cadillac Coupe DeVille,* 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter"). Courts have long recognized the wisdom of staying civil actions or civil discovery pending the resolution of related criminal proceedings dealing with the same underlying facts and

**Memorandum in Support of Unopposed Application for Stay of Proceedings - Page 4**

issues. *See United States v. United States Currency*, 626 F.2d 11, 17 (6th Cir. 1980); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979).

Indeed, staying this action now, before the parties conduct civil discovery, will prevent significant prejudice to the interests of the United States in the criminal matter. Federal criminal law provides certain time frames for discovery by defendants, and establishes strict limitations on the material criminal defendants obtain prior to trial. By contrast, the discovery available to parties in civil litigation is much more expansive, and therefore threatens to subvert the public interests protected by the discovery limitations in the Criminal Rules.

For example, under Rule 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500, the prosecution is not required to provide a witness's statements to a criminal defendant until after the witness has testified on direct examination at trial, and the Rules of Criminal Procedure do not provide for routine depositions of government witnesses. *See* Fed. R. Crim. P. 15(a)(1). By contrast, the Rules of Civil Procedure liberally allow for depositions of potential witnesses. *See* Fed. R. Civ. P. 30(a). Given the near identity of issues and evidence in this case and the criminal matter, if civil discovery proceeds in this case, the defendants will be able to depose witnesses whom the government is likely to call in a criminal trial, effectively circumventing the limitations on discovery in the criminal case. The United States submits that the parallel criminal matter should be allowed to proceed unimpaired by premature disclosure of critical evidence that may have a bearing on the United States' ability to investigate and

**Memorandum in Support of Unopposed Application for Stay of Proceedings - Page 5**

prosecute the case.

Importantly, the stay sought by the United States will not result in unfair prejudice to the parties to the civil action, as evidenced by the fact that none of the non-defaulting parties to this civil case oppose the stay.[1]  For the defendants in the civil action, the stay may be preferable in some respects to proceeding with civil discovery while a criminal investigation is underway.

### **Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court grant its application for a stay of proceedings pending the conclusion of the parallel criminal matter.

    Respectfully submitted,

    JAMES T. JACKS
    Acting United States Attorney

    /s Alan M. Buie
    ALAN M. BUIE
    Assistant United States Attorney
    Texas Bar No.  783751
    1100 Commerce Street, Suite 300
    Dallas, Texas 75242
    Telephone: 214.659.8600
    Facsimile: 214.767.4104
    alan.buie@usdoj.gov

---

[1] The attorney for the United States conferred with all non-defaulting parties.  The attorney for the United States did not attempt to confer with any of the parties that have defaulted.

**Memorandum in Support of Unopposed Application for Stay of Proceedings - Page 6**

**CERTIFICATE OF SERVICE**

I caused a true copy of the foregoing pleading to be served on the following counsel of record by way of the Electronic Court Filing system on April 8, 2009:

Leslie J. Hughes, Esquire
For Plaintiff Securities and Exchange Commission

David A. Carp, Esquire
For Defendants Ryan M. Reynolds and Bellatalia, L.P.

John Courtade, Esquire
For Defendants Timothy T. Page and Testre, L.P.

I did not attempt to serve the following named defendants, each of which has defaulted, as evidenced by the Clerk's entry of default as to each on February 25, 2009:

Market 99, Ltd.
Griffdom Enterprises, Inc.
Jason W. Brola
Tryst Capital Group, LLC
Desmond J. Milligan

/s Alan M. Buie
ALAN M. BUIE
Assistant United States Attorney